**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DEE DEIDRE FARMER, | : | |
| Plaintiff, | : | Civil Action No. 16-6141 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| BERGEN COUNTY (NEW JERSEY), et al., | : | |
| Defendants. | : | |

Plaintiff Dee Deidre Farmer, a prisoner confined at the Federal Medical Center in Butner, North Carolina, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court denied Plaintiff's first IFP application, because it did not include a proper six-month prison account statement as required by federal law. (ECF No. 3.) Presently before the Court is Plaintiff's second IFP application, as well as a motion to proceed by next-of-friend. (ECF No. 4.) It appearing:

1.   The application is filed by Plaintiff's mother, Noleola Randall ("Mother"), who alleges that because of Plaintiff's deteriorating mental and physical conditions, Plaintiff is unable to prosecute the case herself. The Court accepts Mother's explanation, and allows Mother to file pleadings and other papers on behalf of Plaintiff, *see* Fed. R. Civ. P. 17, but Plaintiff remains the real party in this case. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").

2.   Nevertheless, Mother requests that this Court allow Plaintiff to proceed IFP based on *Mother's* financial situation. (ECF No. 4 at 2.) Mother cites to no authority that the IFP statute

can be circumvented this way. *Cf. Flores v. Hudson*, 234 F.3d 706 (5th Cir. 2000) (denying the plaintiff's request to substitute himself with his spiritual advisor for IFP purposes in order to circumvent the three-strike provision of the IFP statute); *see also Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 650 (2d Cir. 1999) ("A guardian ad litem . . . is a nominal party only[.]") (citation omitted). Indeed, implicit in the *Flores* decision is that allowing such substitute would essentially permit any prisoner-plaintiff to evade all requirements of the IFP statute. Mother may be allowed to file papers on Plaintiff's behalf, but she cannot substitute for Plaintiff on any substantive issues. This Court sees no reason why Plaintiff cannot comply with the IFP statute simply because Mother is filing papers on her behalf, nor does Mother assert or explain otherwise—even if Plaintiff is incapable of declaring herself the facts of her financial situation, Mother can provide the information, and other information as required by the IFP statute, to this Court on her behalf.

**IT IS** therefore on this ___10___ day of ___Feby___, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that Plaintiff's mother, Noleola Randall, is hereby appointed as Plaintiff's guardian ad litem for this case, *see* Fed. R. Civ. P. 17(c)(2); it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see*

2

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs[.]"); it is further

**ORDERED** that if Plaintiff wishes to reopen this case, she shall so notify the Court, in writing, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that she wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Claire C. Cecchi, U.S.D.J.